UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SEAN RAY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MAGGQYSAY, JACKSON, HART, FERRY, SHERIFF JOE LOMBARDO,<br><br>Defendants. | Case No. 2:20-cv-0003-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: PLAINTIFF'S EIGHTH AMENDMENT CLAIM**<br><br>**ORDER**<br>**RE: ALL REMAINING CLAIMS** |

Presently before the Court is Plaintiff Sean Ray Wilson's Application to Proceed *In Forma Pauperis* (ECF No. 1). Plaintiff also submitted a Complaint attached to his *in forma pauperis* application on January 2, 2020. ECF No. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff submitted an inmate application to proceed *in forma pauperis* showing an inability to prepay fees and costs or give security for them. ECF No. 1. Plaintiff properly attached to his application a copy of his inmate trust account statement for the last six months, a financial certificate signed by a prison official, and an affidavit attesting to the application's authenticity. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. PLAINTIFF'S CLAIMS

The Court now turns to the sufficiency of the factual allegations to state a claim. In screening Plaintiff's Complaint, and construing it liberally, the Court looks in part to the attachments to Plaintiff's filing. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). Plaintiff's Complaint asserts Fourth and Eighth Amendment against Detectives Maggqysay, Jackson, and Hart, Officer Ferry, and Sheriff Joe Lombardo in their official and individual capacities. ECF No. 1-1 at 2-3. Plaintiff further states he is alleging civil conspiracy, respondeat superior, negligence, loss of consortium, and intentional infliction of emotional distress. *Id.* at 3. However, the totality of Plaintiff's specific allegations state that on May 16, 2019, Detectives Hart and Jackson violated "Plaintiff's 4th [and] 8th Amendment Rights" by using "excessive forces in seizing [Plaintiff] on CPS parking lot… resulting in a motor vehicle collision" causing "injur[ies to his] XR cervical spine and…XR thoracic spine." *Id.* at 4. This allegation is analyzed below.

A.   Plaintiff's Fourth and Eighth Amendment Claims

The Eighth Amendment prohibition against cruel and unusual punishment sets the standard for an excessive force claim for convicted prisoners, whereas the Fourth Amendment controls if the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest. *Graham v. Connor,* 490 U.S. 386, 395 (1989) (claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard). Therefore, the use of force alleged in this case is properly analyzed under the Fourth Amendment and the Court recommends Plaintiff's Eighth Amendment claim be dismissed with prejudiced.

In order for Plaintiff to state a Fourth Amendment claim, the pleadings must raise a question of "whether the officer['s] … actions are 'objectively reasonable in light of the facts and circumstances confronting …[him] without regard to the[] underlying intent or motivation.'" *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal citation and quotation marks omitted). "The reasonableness of force should be analyzed in light of such factors as the requirements for the officers' safety, the motivation for the arrest, and the extent of the injury inflicted." *McKenzie v. Lamb*, 738 F.2d 1005, 1011 (9th Cir. 1984). In evaluating the nature and quality of the intrusion, the Court must consider "the type and amount of force inflicted." *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

> 1.   *Plaintiff's Official Capacity Allegations Under the Fourth Amendment Fail to State a Claim.*

To state a claim against any of the defendants in their official capacity, Plaintiff must allege a violation of a policy or custom that played a part in the violation of his rights. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law."). Here, Plaintiff alleges no violation of right that allegedly occurred as the

result of a deviation from Las Vegas Metropolitan Police Department policy of custom and for this reason Plaintiff's Fourth Amendment official capacity claims against all Defendants fail.

*2. Plaintiff's Individual Capacity Allegations Under the Fourth Amendment may Proceed against Defendants Hart and Jackson.*

Plaintiff sufficiently alleges a factual basis upon which to facially state a Fourth Amendment claim against Defendants Jackson and Hart in their individual capacities. That is, Plaintiff states that he was sitting in a parked car in a CPS parking lot waiting for a friend when his vehicle was allegedly hit "head on very fast [and] without notice." ECF No 1-1 at 5. Plaintiff further states that he was hit by Officers Jackson and Hart, who supposedly rammed him with their vehicles resulting in substantial injuries. *Id.* Plaintiff infers there was no legitimate or reasonable basis for these Defendants to do so. On its face, this is sufficient to put these officers on notice of the allegations of the Fourth Amendment wrongdoing alleged.

Plaintiff, however, asserts no factual allegation of wrongdoing involving Officers Maggqysay or Ferry, and simply listing them as defendants who allegedly violated Plaintiff's Fourth Amendment rights is insufficient to state a claim. ECF No 1, 1-1, 1-2. *Twombly*, 550 U.S. at 555. Thus, the claims against Officers Maggqysay and Ferry will be dismissed without prejudiced.

*3. Plaintiff's Fourth Amendment Claim Against Sheriff Lombardo Fails.*

With respect to Plaintiff's claims against Sheriff Lombardo, a defendant may be held liable in a supervisory capacity under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "The requisite causal connection can be established ... by setting in motion a series of acts by others," *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known

4

would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001) (citations omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). Here, Plaintiff's Complaint includes no allegations that causally connect Sheriff Lombardo with Defendants Hart or Jacksons' alleged wrongful actions. For this reason, Plaintiff's claim against Sheriff Lombardo will be dismissed without prejudice.

        B.       <u>Plaintiff's State Law Claims Fail</u>.

In addition to Plaintiff's constitutional violation allegations, Plaintiff lists a variety of state law claims at ECF No. 1-1at 3. In order to state a civil conspiracy claim, Plaintiff must allege "a combination of two or more persons, who by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610, 622 (Nev. 1983) (citation omitted). To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Welder v. Univ. of S. Nevada,* 833 F.Supp.2d 1240, 1245 (D. Nev.2011) (citation omitted). The Court finds Plaintiff fails to allege facts to sufficiently state these claims. The Court also finds that Plaintiff cannot bring a loss of consortium claim as there was no alleged injury to his significant other from which to recognize his separate claim for loss of companionship. *See Bennett v. Topping*, 717 P. 2d 44, 45 (Nev. 1986) (discussing the right to recover for a separate injury done to the claimant by loss of companionship following injury to the claimant's companion). In order to state a claim for negligence, a plaintiff must allege that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v. Senior Bridges of Sparks Family Hosp., Inc.,* 282 P.3d 727, 732 (Nev. 2012). Plaintiff alleges no specifics that would support

5

this claim under state law and the mere identification of this cause of action is insufficient to state a claim. *Twombly*, 550 U.S. at 555 (a formulaic recitation of the elements of a cause of action is insufficient to state a claim). Because each of Plaintiff's state law claims fail, Plaintiff also cannot state a claim for respondeat superior.

**IV.    REPORT AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Eighth Amendment Claim for use of excessive force at the time of his arrest fails to state a claim upon which relief may be granted be DISMISSED WITH PREJUDICE because there is no amendment to this claim that will cure its deficiency.

**V.  ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall separate and electronically file Plaintiff's Complaint attached to ECF No. 1.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) against Defendants Hart and Jackson in their individual capacities, alleging a violation of the Fourth Amendment, may proceed.

IT IS FURTHER ORDERED that, for the reasons stated above, Plaintiff's Complaint against Defendants Maggqysay and Ferry is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that, for the reasons stated above, Plaintiff's Complaint against Defendants in their official capacities are DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that, for the reasons stated above, Plaintiff's individual Complaint against Sheriff Lombardo is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's state law claims for civil conspiracy, intentional infliction of emotional distress, loss of consortium, and negligence are DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to file an amended complaint **within 30 days following the date of this Order**. If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendants' conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against them and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No.1-1) will no longer have any effect in this case. As such, the amended complaint must include all allegations Plaintiff seeks to make without reference to any prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that failure to comply with this Order may result in a recommendation that this action against Defendants Hart, Ferry, and Lombardo be dismissed with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives

1  the right to appeal the District Court's order and/or appeal factual issues from the order of the District
2  Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,
3  708 F.2d 452, 454 (9th Cir. 1983).

   DATED: March 5, 2020

   _____
   ELAYNA J. YOUCHAH
   UNITED STATES MAGISTRATE JUDGE

8